IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LIAM ALEXANDER,                          :
    Plaintiff,                           :
                                         :
    v.                                   :      CIVIL ACTION NO. 25-CV-3300
                                         :
GREYSTAR,                                :
    Defendant.                           :

**MEMORANDUM**

HODGE, J.                                                    JULY  2, 2025

Liam Alexander filed this *pro se* case naming his landlord Greystar as the Defendant,

asserting a claim for breach of contract and that Greystar illegally evicted him.  Alexander also

seeks leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant him

leave to proceed *in forma pauperis* and dismiss the Complaint for lack of subject matter

jurisdiction.

## I.    FACTUAL ALLEGATIONS[1]

Alexander's allegations are brief.  He asserts in conclusory terms only that Greystar

"breached agreement/contract/violated terms & conditions."  (Compl. at 4.)  He claims he was

"illegally evicted" because of the breach of contract.  (*Id*.)  He seeks an order "protecting" him

from Greystar and $5 million in money damages.  (*Id*.)  While he checked a box on the form he

used to file his Complaint indicating that he seeks to invoke the Court's federal question

jurisdiction (*Id*. at 3), he does not allege any basis for a claim under federal law.  In the portion

---

[1] The factual allegations set forth in this Memorandum are taken from Alexander's
Complaint.  (ECF No. 2.)  The Court adopts the sequential pagination assigned to the Complaint
by the CM/ECF docketing system.

of the form asking about diversity jurisdiction, Alexander states that he is a citizen of

Pennsylvania.  (*Id.* at 3.)  He alleges that Greystar is a Pennsylvania corporation.  (*Id*. at 4.)

## II.    STANDARD OF REVIEW

The Court grants Alexander leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C.

§ 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same

standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see*

*Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to

determine whether the complaint contains "sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  At this early stage

of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all

reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts

sufficient to state a plausible claim.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir.

2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d

Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  Because Alexander is

proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185

(3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

When allowing a plaintiff to proceed *in forma pauperis* the Court must review the

pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a

proper basis for this Court's subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3) ("If the court

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the

action."); *Group Against Smog & Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d

Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## III.    DISCUSSION

Alexander's Complaint must be dismissed for lack of subject matter jurisdiction.  While he checked a box indicating that he seeks to assert a claim under federal law, no such claim is presented on the face of the Complaint.[2]  Rather, Alexander asserts only claims under state law for breach of contract and illegal eviction.

To adjudicate state law claims, 28 U.S.C. § 1332(a) grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes

---

[2] Alexander wrote the words "443 Housing" in the portion of the form used to state the basis of federal jurisdiction.  (Compl. at 3.)  The Court is unaware of any basis for federal jurisdiction based on those words.  As the gist of Alexander's claims present only a breach of contract/eviction action, there is no basis for exercising federal question jurisdiction and any attempt to amend the claim to assert federal question jurisdiction would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-113 (3d Cir. 2002).

omitted)).  Alexander alleges that both he and Greystar are citizens of Pennsylvania.[3]

Accordingly, complete diversity is lacking, and the Complaint must be dismissed without

prejudice for lack of subject matter jurisdiction.

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

_____

**KELLEY BRISBON HODGE, J.**

---

[3] Alexander affirmatively states he is a citizen of Pennsylvania, but he provided "Department of State Albany New York" as his address and the Complaint was postmarked in California.  (*Id*. at 1, 7.)  An individual's address or residence alone is insufficient to establish domicile for purposes of determining citizenship.  *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("The fact of residency must be coupled with a finding of intent to remain indefinitely.").